John T. Bender, WSBA # 49658
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Brian T. Peterson, WSBA # 42088
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

REFRESHING USA LIQUIDATION TRUST,

Remaining Debtor[1],

Lead Case No. 24-01863-11
(Jointly Administered)

BRIAN WEISS, as Liquidation Trustee of the REFRESHING USA, LLC LIQUIDATION TRUST,

Plaintiff,

v.

WET LIKE WATER, LLC, PETER SERVAAS, and JOHN DOES #1-10,

Defendants.

Adv. Pro. No.____

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

[1] The Refreshing USA, LLC Liquidation Trust (the "Liquidation Trust") is the successor-in-interest to the Former Debtors and Debtors-in-Possession (defined below). The Former Debtors and Debtors-in-Possession, along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (8945) ("Refreshing"); Water Station Management LLC (2716) ("Water Station"); Creative Technologies, LLC (1888) ("Creative" and, together with Refreshing and Water Station, the "Refreshing Debtors"); and Ideal Property Investments, LLC (1791) ("Ideal" and, together with the Refreshing Debtors, "Former Debtors"). The cases being jointly administered are Refreshing, Case No. 24-01863-11; Water Station, Case No. 24-01864-11; and Creative, Case No. 24-01866-11. Ideal, Case No. 24-01421, was not jointly administered and closed on January 8, 2026.

Brian Weiss, ("Plaintiff" or "Trustee"), as Liquidation Trustee of Refreshing USA, LLC Liquidation Trust (the "Liquidation Trust"), by and through counsel of record, for his claims and claims assigned to him against WET LIKE WATER, LLC ("Defendant" or "Investor"), PETER SERVAAS ("SerVaas"), and JOHN DOES # 1-10 (collectively with Investor and SerVaas, "Defendants"), alleges and avers as follows:

## I. NATURE OF THE ADVERSARY PROCEEDING

1. This adversary proceeding arises from a Ponzi scheme perpetrated by the Debtors and their related affiliates (collectively, the "WST Enterprise"), through their principal, Ryan Wear, to defraud thousands of victims by raising nearly $400 million in outside capital under false pretenses, failing to deploy investor funds as promised, and misappropriating and converting funds for unauthorized purposes including the enrichment of insiders. The WST Enterprise routinely used funds raised from machine purchasers, bond issues, and lenders, to make payments owed to earlier investors and creditors. The WST Enterprise operated as a Ponzi scheme no later than March 1, 2018.

2. The Debtors made payments to creditors, including machine purchasers, with fraudulent intent. The Liquidation Trustee seeks the return of money fraudulently transferred to Defendants so that the funds can be equitably redistributed pro-rata to the Debtors' creditors.

3. Plaintiff, pursuant to the authority vested in him by the *Debtors' and the Committee's Joint First Amended and Second Modified Chapter 11 Plan of Liquidation (July 16, 2025)* [Dkt. No. 1117], and Liquidation Trust Agreement dated September 30, 2025, brings this adversary proceeding pursuant to provisions of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 544(b), 548(a)(1), 550(a), and 551; the Uniform Voidable Transactions Act, RCW 19.40.011 et seq.; and other applicable laws, to set aside and recover certain fraudulent transfers made to Defendants and preserve said property for



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the benefit of the Liquidation Trust. Moreover, pursuant to § 502(d) of the Bankruptcy Code, Plaintiff seeks to disallow any claims filed by the Defendants against the Debtors unless and until Defendants return to the Liquidation Trust the transfers that are the subject of this Complaint.

## II. PARTIES

4. Plaintiff is Brian W. Weiss, solely in his capacity as the Liquidation Trustee of the Refreshing USA Liquidation Trust. Plaintiff is a citizen of California.

5. At all relevant times, Defendant was an investor in the WST Enterprise, who transferred funds to one or more of the Debtors for a purported investment in one or more water vending machines.

6. SerVaas is a transferee of fraudulent conveyances made by the Debtors and/or are individuals for whose benefit such transfers were made.

7. JOHN DOES # 1-10 are transferees of fraudulent transfers made by the Debtors, individuals for whose benefit such transfers were made, or are subsequent transferees of transfers made to Defendant and/or SerVaas. Plaintiff is unaware of the true names and capacities of Defendants sued herein as JOHN DOES # 1-10 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## III. JURISDICTION AND VENUE

8. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) over the subject matter of this proceeding because the claims asserted herein arise under the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the Bankruptcy Court.

9. On information and belief, Defendants are each subject to the jurisdiction of this Court by virtue of their contacts with the United States.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

10. Core proceedings include proceedings to determine, avoid, or recover fraudulent conveyances. 28 U.S.C. § 157(b)(2)(H). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 because it arises in or under the Debtors' Chapter 11 case and is a proceeding to determine, avoid, or recover fraudulent conveyances. Regardless of whether this is a core proceeding, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court. Defendants are notified that Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires Defendants to plead whether this proceeding is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

11. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court in the Eastern District of Washington is proper because the Debtors' bankruptcy case is pending in this District.

## IV. FACTUAL ALLEGATIONS

### A. The WaterStation Ponzi Scheme

12. Ryan Wear formed all of the Debtor entities, controlled such entities, and was their majority owner at all relevant times. The Debtors' primary office location was 2732 Grand Avenue, Everett, Washington. Ryan Wear and the Debtors held the WST Enterprise out to third parties as a successful manufacturer and operator of specialized water vending machines and, later, traditional vending equipment. Debtors claimed to manufacture "WaterStation" vending machines that it offered to sell for $8,500 in combination with a "proprietary" franchise system.

13. Beginning from at least March 1, 2018, the Debtors were operated as a Ponzi scheme. The Debtors engaged in a series of fraudulent actions and transactions in furtherance of a Ponzi scheme to defraud investors and other creditors. Investors in



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the Ponzi scheme who purportedly purchased franchise interests in vending machines were referred to as "franchisees."

14. To induce new and continued investments, Debtors marketed the business opportunity as a "totally passive" and "recession resistant" investment—one through which investors could earn "18% to 20% ROI" within "12 months of startup operations." The Debtors promised to install and service customer machines at retail locations throughout the country in exchange for a percentage of profits. Debtors also touted a "guaranteed buyback" of machines to limit the risk of the investment. Investors that consummated the transaction were supplied with serial numbers and addresses where their machines were ostensibly located.

15. Contrary to the Debtors' representations to investors, Debtors' legitimate business operations and assets were far from profitable and could never sustain the scheme's mounting obligations. Debtors depended almost exclusively on fundraising and constant commingling of funds to meet their growing obligations to investors and other creditors.

16. Debtors never generated sufficient operating revenue to support their mounting obligations to machine owners and other creditors. Debtors began experiencing cash liquidity issues starting no later than March of 2018. Beginning no later than March 1, 2018, the Debtors used cash from new investors and creditors to make monthly payments to investors.

17. The Debtors raised over $225 million from machine purchasers between 2018 and 2022, who were led to believe they were acquiring water vending machines. Rather than use these funds to manufacture and install revenue-generating machines, however, the vast majority of machine purchaser capital—over 70%—was commingled



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

with various Debtor-affiliated accounts to pay insiders, machine owners, and other preexisting debts.

18. In 2022, when the flow of funds from purported machine owners slowed, Debtors issued bonds to generate tens of millions in new funding. The bond indenture generated over $97 million of new funds disbursed directly to Debtors. While the terms of the bond initially required that the funds be used exclusively to acquire water stations, approximately 80% of the funds were actually used to pay insiders, machine owners, and other preexisting expenses.

19. The Debtors also raised capital through commercial loans and various forms of distressed financing throughout the relevant time period. Between 2020 and 2024, Debtors borrowed over $58.7 million (excluding bond proceeds) to pay their debts. Between 2018 and 2024, Debtors raised approximately $380 million from these sources. All of the Debtors' fundraising helped create the illusion of a profit-making enterprise. In reality, however, in 2018 and after, the WST Enterprise depended nearly exclusively on raising funds from outside sources.

20. Between 2018 and 2024, only 11% of bank deposits received by the Debtors were attributable to legitimate vending operations. As of the Debtors' Petition Date, at best, 10% of the 21,000+ vending units sold by Debtors existed. Additionally, the Debtors routinely sold purported vending machines with the same serial number to multiple purchasers. The Debtors' legitimate revenues were *never* sufficient to satisfy the Debtors' obligations to investors and other creditors, let alone turn a profit.

21. The WST Enterprise's activities were extensively commingled between the Debtors, which were separate in name only as evidenced by, among other things, thousands of undocumented intercompany transfers that collectively moved hundreds of millions of dollars between Debtors and their various affiliates. The Debtors used the



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

vast majority of the funds received for unauthorized purposes such as transfers to insiders, acquisitions of real property and other businesses, as well as payments to earlier investors/franchisees and creditors.

**B. The Debtors' Bankruptcy Case**

22. In May of 2024, upon the motion of First Fed Bank, the Superior Court of King County, Washington appointed Turning Point Strategic Advisors as a general receiver over Creative Technologies, LLC ("Creative"). On August 23, 2024, the Superior Court of King County entered an order making the Receiver a receiver over Water Station Management LLC ("Water Station"), Refreshing USA, LLC ("Refreshing"), and all of the Debtors' subsidiaries. At the same time, there were at least two federal lawsuits and several state lawsuits alleging that Debtors' previous manager, Ryan Wear, engaged in a massive fraud and Ponzi scheme, and alleging that Debtors' real property assets may have been obtained using funds involved in a fraud.

23. On August 27, 2024 (the "Petition Date"), Chapter 11 Involuntary Petitions were filed against the Debtors—Creative, Water Station, and Refreshing—in the Bankruptcy Court for the Southern District of Texas. On October 27, 2024, the Bankruptcy Court for the Southern District of Texas entered Orders Directing Joint Administration of the Chapter 11 Cases. On November 14, 2024, on motion to transfer venue filed by the Debtors, the Bankruptcy Court for the Southern District of Texas transferred the Chapter 11 Cases to the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

24. On September 9, 2025, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Committee's Joint First Amended and Second Modified Chapter 11 Plan of Liquidation (July 16, 2025)* [Dkt. No. 1259] (the "Confirmation Order"). Dkt. No. 1259.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

25. The Confirmation Order confirmed the *Debtors' and the Committee's Joint First Amended and Second Modified Chapter 11 Plan of Liquidation (July 16, 2025)* [Dkt. No. 1117] (the "Plan").

26. Under Article 8 of the Plan, and as specifically approved by the Confirmation Order, the Debtors and affiliated entities listed in Article 8 of the Plan are all substantively consolidated as of October 1, 2025 (the "Effective Date"). The Confirmation Order contains certain findings that the Debtors were operated as a Ponzi scheme (the "Ponzi Findings"). In particular, the Bankruptcy Court determined that:

> (i) the "WST Enterprise," consisting of Debtors in these consolidated cases and their related affiliates . . . . operated as a single economic unit; (ii) the WST Enterprise inextricably commingled their financial affairs; (iii) the WST Enterprise had insufficient operating income to meet their liabilities on a current basis no later than March 1, 2018; (iv) the WST Enterprise routinely used funds raised from machine purchasers, bond issues, and lenders to make payments owed to earlier investors and creditors; and (v) the WST Enterprise operated as [a] Ponzi scheme no later than March 1, 2018 (the "Ponzi Start Date").

Confirmation Order, ¶ 18.

27. Pursuant to the Plan, the Debtors executed a Liquidation Trust Agreement dated September 30, 2025, which created the Liquidation Trust and named Brian Weiss as "Liquidation Trustee."

28. Under the Plan, all Retained Causes of Action and Causes of Action that are Contributed Claims, including those belonging to the Debtors and non-Debtor affiliates that are substantively consolidated under the Plan, were transferred and conveyed to the Liquidation Trust. The Plan authorized the Liquidation Trustee to pursue all Retained Causes of Action, including avoidance action claims under Chapter 5 of the Bankruptcy Code, and Causes of Action that are Contributed Claims. Under the



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Plan, "Contributed Claims" are claims a "Water Station Owner" or other unsecured creditor has against any person or entity and are related in any way to the Debtors, their predecessors, or their respective affiliates.

### C. Investor's Investment in the WST Enterprise and the Fraudulent Transfers

29. On or about September 9, 2021, Defendant transferred cash in the amount of $3,400,000.00 to one or more of the Debtors in exchange for a purported interest in one or more water machines (the "Investment"). The Debtors issued a Purchase Order Agreement that outlined the details of the Investment, including the number of machines purchased by Defendant, price per unit, delivery terms, and payment terms. The Purchase Order states that Defendant was purchasing water machines from "Creative Technologies, LLC, dba Waterstation® Technology."

30. Prior to the Petition Date, Defendants received payments from the Debtors on account of Defendant's Investment as described in Exhibit A, in the total amount of $3,893,916.62 ("Fraudulent Transfers").

31. Thus, Defendants received $493,916.62 in excess of the principal amount loaned or invested in the WST Enterprise ("Fictitious Profits").

32. Plaintiff is unaware of any facts that would demonstrate that Defendants received the Fraudulent Transfers without inquiry notice as to the existence of the Debtors' Ponzi scheme and/or the insolvency of the transferor entity.

## V. FIRST CAUSE OF ACTION

### Action to Avoid Intentionally Fraudulent Transfers of Money and Other Property and Preserve the Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(1) and 19.40.071, and Bankruptcy Code §§ 544(b), 548(a)(1), 550(a), and 551



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

33. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein at length.

34. At all relevant times there were one or more creditors of the Debtors who held and now hold unsecured claims against the Debtors that were and are allowable under Bankruptcy Code § 502(e).

35. The Fraudulent Transfers were made with the actual intent to hinder, delay, or defraud creditors. The Fraudulent Transfers were made to or for the benefit of Defendants in furtherance of a fraudulent investment scheme.

36. Defendants are the initial transferee of the Fraudulent Transfers. Alternatively, the Defendants are the parties for whose benefit each Fraudulent Transfer was made. Therefore, once avoided, the Plaintiff may recover the Fraudulent Transfers from the Defendants.

37. As a result of the foregoing, pursuant to RCW 19.40.041(a)(1), RCW 19.40.071, RCW 19.40.081(2) and Bankruptcy Code §§ 544(b), 548, 550(a), and 551, Plaintiff is entitled to a judgment (a) avoiding and preserving the Fraudulent Transfers, (b) directing that the Fraudulent Transfers be set aside, and (c) recovering the Fraudulent Transfers from Defendants for the benefit of the Liquidation Trust.

## VI. SECOND CAUSE OF ACTION

### Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and RCW 19.40.071, and Bankruptcy Code §§ 544, 548(a)(1), 550(a), and 551

38. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 above as if fully set forth herein at length.

39. At all relevant times there were one or more creditors of the Debtors who held and now hold unsecured claims against the Debtors that were and are allowable



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

40. The Debtors did not receive reasonably equivalent value in exchange for the Fictitious Profit transferred to the Defendants.

41. The Debtors were insolvent at the time that they made each of the Fraudulent Transfers consisting of Fictitious Profit or, in the alternative, the Debtors became insolvent as a result of each of the Fraudulent Transfers consisting of the Fictitious Profit.

42. At the time the Debtors made each of the Fraudulent Transfers consisting of Fictitious Profit, the Debtors were engaged or were about to engage in a business or transaction for which the property remaining in their hands after each of the Fraudulent Transfers consisting of Fictitious Profit was an unreasonably small capital.

43. At the time the Debtors made each of the Fraudulent Transfers consisting of Fictitious Profit, the Debtors had incurred, were intending to incur, or believed that they would incur debts beyond their ability to pay as the debts matured.

44. Defendants are the initial transferees of the Fraudulent Transfers. Alternatively, the Defendants are the parties for whose benefit each Fraudulent Transfer was made. Therefore, once avoided, the Plaintiff may recover the Fraudulent Transfers from the Defendants.

45. As a result of the foregoing, pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), RCW 19.40.071, RCW 19.40.081(2), and Bankruptcy Code §§ 554(b), 548, 550, and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the portion of the Fraudulent Transfers consisting of Fictitious Profit, (b) directing that the Fraudulent Transfers be set aside to the extent they consisted of Fictitious Profit, and



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(c) recovering the portion of the Fraudulent Transfers consisting of Fictitious Profit from Defendants for the benefit of the Liquidation Trust.

## VII. THIRD CAUSE OF ACTION

### Disallowance of claims Pursuant to Bankruptcy Code §§ 502(a) and (d)

46. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44 above as if fully set forth herein at length.

47. To the extent that Defendants have or intend to file any claim against the Debtors' bankruptcy estates or the Liquidation Trust, the Plaintiff objects to such claim pursuant to § 502(a) of the Bankruptcy Code in that the claim is unenforceable against the Debtors and property of the Debtors under applicable law and/or pursuant to § 502(d) of the Bankruptcy Code to the extent that the Defendants have failed to pay or turn over the amounts of the avoidable Fraudulent Transfers.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and judgment in favor of the Trustee and against the Defendants as follows:

48. On the First Cause of Action, pursuant to RCW 19.40.041(a)(1), RCW 19.40.071, RCW 19.40.081, and Bankruptcy Code §§ 544(b), 548(a)(1), 550(a), and 551, (a) avoiding and preserving the Fraudulent Transfers, (b) directing that the Fraudulent Transfers be set aside, and (c) recovering the Fraudulent Transfers from Defendants for the benefit of the Liquidation Trust.

49. On the Second Cause of Action, pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), RCW 19.40.071, RCW 19.40.081, and Bankruptcy Code §§ 544(b), 548(a)(1), 550, and 551, (a) avoiding and preserving the portion of the Fraudulent Transfers consisting of Fictitious Profits, (b) directing that the Fraudulent Transfers be set aside to the extent they consisted of Fictitious Profit, and (c) recovering the portion



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

of the Fraudulent Transfers consisting of Fictitious Profit from Defendants for the benefit of the Liquidation Trust.

50. On the Third Cause of Action, pursuant to Bankruptcy Code § 502(a) and (d), disallowing any and all claims of the Defendants against the Debtors and the Liquidation Trust.

51. On all Causes of Action, awarding Plaintiff prejudgment interest from the date on which the Fraudulent Transfers were received at the statutory rate of 12 percent per annum;

52. Awarding Plaintiff all applicable costs, fees, and disbursements of this action permitted by law; and

53. For such further relief as the Court deems just, proper, and equitable.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED: August 18, 2026


K&L GATES LLP

*/s/ John T. Bender*

John T. Bender, WSBA # 49658
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: john.bender@klgates.com

K&L GATES LLP

*/s/ Brian T. Peterson*

Brian T. Peterson, WSBA # 42088
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: brian.peterson@klgates.com

*Attorneys for Refreshing USA, LLC Liquidation Trust*